# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN J. LARROZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 17 C 8512 |
| v. | ) |
| | ) Judge Charles P. Kocoras |
| RESURGENCE CAPITAL, LLC, | ) |
| RESURGENCE LEGAL GROUP, P.C., | ) |
| STERN PROCESS & INVESTIGATION, | ) |
| LLC, and ROBERT A. CLARKE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendants Stern Process & Investigation, LLC ("SPI") and Robert A. Clarke's ("Clarke") Motion to Dismiss ("Motion") Count I of Plaintiff Brian J. Larroza's ("Larroza") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is granted.

## STATEMENT

The following facts are taken from Larroza's Complaint and assumed to be true for purposes of this Motion. *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in Larroza's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

On or about May 4, 2012, Defendant Resurgence Legal Group, P.C. ("RLG") filed a complaint ("Resurgence Complaint") against Larroza to collect an alleged debt

in the Circuit Court of Cook County. At some point thereafter, RLG hired SPI to support efforts to collect the alleged debt from Larroza. Larroza alleges that SPI is "a licensed private detective and process service company." He further alleges that "SPI acts as a debt collector…by providing debt collection support services to collection attorneys, third-party debt collectors and debt buyers via 'investigations and surveillance' services and by servicing documents as stated on its website." Clarke is alleged to have been an SPI agent or employee working as a debt collector "at the time of the actions complained of…."

On or around July 10, 2017, over five years after the Resurgence Complaint was filed, SPI, by and through Clarke, executed an affidavit of service ("Affidavit") in which Clarke stated that he had effectuated substitute service on Larroza. The Affidavit states that Larroza's brother was served with the Alias Summons and Resurgence Complaint at Larroza's "usual place of abode," 4249 N Lawndale Ave, Apt. 3, Chicago, IL 60816. The Affidavit also states that Clarke "spoke to [Larroza's] brother who confirmed that [Larroza] does reside at this address" and that Clarke "mailed a copy of the Summons or process in a sealed envelope with postage prepaid to [Larroza], at his/her usual place of above [sic] within two business days of service."

Larroza alleges that he did not reside at 4249 N Lawndale on July 10, 2017, that no defendant served him or any member of his residence on July 10, 2017, and that no defendant served Larroza's brother with the Alias Summons and Resurgence Complaint, as asserted and sworn to by Clarke in his Affidavit. Larroza also alleges

2

that "Clarke and SPI, on behalf of [Defendant Resurgence Capital, LLC] and RLG, made false statements in an attempt to enforce collection of a consumer debt." He goes on to assert that Clarke and SPI made no actual attempt to serve legal process. Instead, Larroza alleges that they "were engaged in the act of assisting with the drafting, preparation and filing of a false affidavit of service by providing false testimony to aid in collection of the consumer debt…and to have [Larroza] believe that collection could in fact legally proceed against him, when it could not so proceed."

Larroza filed his three-count Complaint on November 11, 2017, asserting the following causes of action. Count I: a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against all defendants; Count II: a violation of the Illinois Consumer Fraud Act, 815 ILCA 501/1, *et seq.*, against Resurgence Capital, LLC ("Resurgence") and SPI; and Count III: a due process action against Resurgence, RLG, and SPI, pursuant to 42 U.S.C. § 1983. SPI and Clarke filed the instant Motion seeking to be dismissed from Count I, the FDCPA claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). Larroza need not provide detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Larroza's claims must be facially plausible, meaning that the pleadings must

3

"allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In conducting our review, we must consider not only the complaint itself, but also…documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019—20 (7th Cir. 2013) (internal citations and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Here, SPI and Clarke's only argument for dismissal of Count I is that Larroza failed to alleged facts sufficient to suggest that either party is a "debt collector" as covered by the FDCPA. If correct, Count I would fail as a matter of law as against SPI and Clarke because the FDCPA "applies only to debt collectors…." *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003). Under the statute, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Our inquiry, therefore, is a simple one. The Complaint must allege sufficient facts to allow the Court to infer that either (i) the principal purpose of SPI and Clarke's business was debt collection; or (ii) SPI and Clarke regularly collected

debt, directly or indirectly. Failure to so allege would amount to a failure to state an FDCPA claim.

Larroza makes no attempt to allege that SPI and Clarke engage in debt collection as their principal business aim, instead conceding that SPI is primarily a private detective and process service company, for which Clarke works. We proceed to the second possibility.

The Complaint also makes no showing of direct debt collection. The only suggestion that SPI and Clarke regularly engage in debt collection is of the indirect sort, where Larroza alleges that (i) SPI provides "debt collection support services to collection attorneys, third-party debt collectors and debt buyers via 'investigations and surveillance' services and by servicing documents as stated on its website," and (ii) Clarke works as a "debt collector" for SPI.

As the parties' memoranda portend (between the substantive arguments of their three briefs, they cite to only four Northern District cases and one Seventh Circuit decision) there is a relative paucity of persuasive caselaw on the indirect debt collection topic. This is particularly so as regards the intersection of FDCPA-contemplated debt collectors and the debt collection support role filled by investigative service companies. The closest thing to binding precedent that the Court can find comes from the Seventh Circuit's *White v. Goodman* decision, which noted that the FDCPA "is not aimed at…companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters." 200 F.3d 1016,

5

1019 (7th Cir. 2000). While *White* itself does not track neatly enough with the instant allegations to be dispositive, the cases to which it cites for support are quite instructive.

To ground its "ministerial duties" language, *White* cites to two summary judgment opinions issued five days apart from one another in 1997, *Laubach v. Arrow Service Bureau, Inc.*, 987 F.Supp. 625 (N.D. Ill. 1997) and *Trull v. Lason Systems, Inc.*, 982 F.Supp. 600 (N.D. Ill. 1997). Both cases had the opportunity to analyze the debt collection role of the same defendant, Lason Systems, Inc. ("Lason"), "an integrated outsourcing services provider that help[ed] companies manage records, control documents, and disseminate business communications." *Trull*, 982 F.Supp. at 602. *See Laubach*, 987 F.Supp. at 627 ("Lason's activities included, among other things, storing [debt collection agency Arrow's] debt collection letters on computers, merging the letters with Arrow's mailing lists, printing the letters, and mailing them to the debtors"). Both opinions agree that Lason "encourage[d] debt collection," *Laubach*, 987 F.Supp at 632, and "enhance[d] collection agencies'" efforts. *Trull*, 982 F.Supp. at 606. This supportive characteristic of Lason's business model, however, was not enough to render it a "debt collector" for FDCPA purposes.

In *Trull*, the court noted that "Lason's promotional materials [did] not advertise its business as debt collection," but rather they solicited "business from all business sectors, an activity that has never been held to create FDCPA liability." *Id*. Moreover, even though Lason's services did improve the likelihood that Arrow's debt

collection letters would be read, "any company that mails correspondence wants people to open and read its mail; this is not a goal unique to collection agencies." *Id*. The *Trull* court also noted that Lason's "desire to form a 'strategic partnership' with collection agencies" did not, in and of itself, dictate that Lason was "collecting debts as defined by the FDCPA." *Id*. Because such evidence failed to demonstrate that Lason was a debt collector, the court entered summary judgment on the defendant company's behalf. *Id*. at 607.

The *Laubach* court also focused on the unexclusive nature of Lason's services. The court acknowledged that Lason "promote[d] itself as a 'partner' with its clients, many of whom [were] debt collectors. In addition, Lason's brochures state[d] that it [had] developed techniques specifically designed to entice debtors to open their letter, and it promise[d] its debt collector clients that these techniques [would] help them collect more money." *Laubach*, 987 F.Supp. at 631—32. Nonetheless, the court declined to discern a debt collection role out of Lason's undisputed status as a beneficial partner to the collection practice. "Lason is no more a 'debt collector' when it generates the collections letters than it is a bank when it generates bank statements." *Id*. at 632. Despite the helpful role that Lason played in the debt collection sphere, the court found that the term "debt collector" was not "a legitimate characterization of the services Lason provide[d]," and awarded summary judgment in its favor. *Id*.

*Trull* and *Laubach* arose on summary judgment, but as the only two cases cited in *White* to support its comment that "companies that perform ministerial duties for

7

debt collectors" are not covered by the FDCPA, 200 F.3d at 1019, the Court finds them persuasive here. Larroza's allegations describe a defendant company that supports "collection attorneys, third-party debt collectors and debt buyers via 'investigations and surveillance' services and by servicing documents as stated on its website." The website referred to in the Complaint lists five "Process Service Rates": "General," "Standard Service," "Rush Service," "SAME DAY RUSH," and "Investigations and Surveillance."[1] Unlike Lason, SPI makes no outward effort on its "Services" page to solicit business from debt collection agencies. Nor does it even purport to enhance or encourage debt collection practices, which have already been held to fall short of qualifying for "debt collector" status.

Larroza's allegation that SPI "supports" the collection efforts of those who employ the agency does not, as *Trull*, *Laubach*, and *White* teach, shuffle SPI under the guise of the FDCPA. The Complaint does not allege that SPI collects money from debtors, it does not allege that SPI regularly seeks out debtors, nor does it allege that SPI's services are uniquely beneficial to the debt collection business. Larroza's pleadings suggest that the only regular role that SPI played for debt collectors was to aid it in the ministerial duties of investigation and surveillance. This is not enough to state a claim against the company or its employee under the FDCPA. Because the

---

[1] Not only does Larroza refer to the services listed on SPI's website in his Complaint, but SPI and Clarke also attach to their Motion the web page from SPI's website that lists those very services. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

Complaint fails to assert facts sufficient for the Court to infer that SPI and Clarke are debt collectors, they are dismissed from Count I.

## CONCLUSION

For the aforementioned reasons, SPI and Clarke's Motion is granted, and they are dismissed from Count I. It is so ordered.

Dated: 5/08/2018

_____
Charles P. Kocoras
United States District Judge